UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLENE MAJOR,

    Plaintiff,

    v.

KAISER FOUNDATION HEALTH PLAN, INC.,

    Defendant.

_____/

No. C 12-4444 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant's motion to dismiss plaintiff's second amended complaint ("SAC") came on for hearing before this court on May 8, 2013. Defendant Kaiser Foundation Health Plan, Inc. ("defendant") appeared through its counsel, Seth Neulight. Plaintiff Charlene Major ("plaintiff") did not file an opposition to defendant's motion, and did not appear at the hearing. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion for the reasons stated at the hearing and as follows.

    In its motion, defendant notes that plaintiff failed to exhaust her administrative remedies with respect to any allegedly adverse actions that were not mentioned in either her first EEOC charge (filed in June 2010) or her second EEOC charge (filed in April 2011). The court agrees, and DISMISSES plaintiffs' causes of action to the extent that they are premised on any such conduct. The court independently notes that plaintiff's first right to sue letter (in response to her June 2010 charge) was mailed on November 3, 2011, but plaintiff did not file suit until August 23, 2012. Thus, because plaintiff did not file suit within 90 days after issuance of the right to sue letter, her claims related to any incidents

mentioned in that charge appear to be time-barred. See 42 U.S.C. 2000e-5(f)(1). Thus, the only claims that plaintiff may pursue are those based on the conduct mentioned in her second EEOC charge. However, plaintiff's second EEOC charge is limited to allegations of disability-related discrimination and retaliation, and these disability-related allegations do not appear in the SAC, and appear to have been dropped from the case. As a result, the court cannot determine whether amendment of the complaint would be futile. Nor has the court had the opportunity to discuss any such futility with plaintiff's counsel, given her failure to appear at the hearing on defendant's motion to dismiss, along with her failure to file an opposition brief and failure to appear at the case management conference held on January 17, 2013. Plaintiff's counsel's absence from these events is particularly surprising, in light of her filing of the SAC on March 7, 2013, and her accompanying stipulation to an extension of defendant's response date. Thus, even though the court believes that amendment may be futile, it will allow plaintiff one more opportunity to amend her complaint. No new claims or parties may be added without leave of court, and as stated above, plaintiff may only assert claims related to the conduct mentioned in her April 2011 EEOC charge. Plaintiff has until **June 7, 2013** to file an amended complaint in accordance with this order, and defendant has until **June 28, 2013** to answer or otherwise respond to the complaint.

**IT IS SO ORDERED.**

Dated: May 10, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

2