United States District Court

For the Northern District of California

1

2                           UNITED STATES DISTRICT COURT

3                           NORTHERN DISTRICT OF CALIFORNIA

4

5

6

CHARLENE MAJOR,

7              Plaintiff,                        No. C 12-4444 PJH

8       v.                                        **ORDER GRANTING MOTION TO**
                                                  **DISMISS**
9  KAISER FOUNDATION HEALTH PLAN,
   INC.,
10
11              Defendant.

12  _____/

13         Defendant's motion to dismiss plaintiff's second amended complaint ("SAC") came

14  on for hearing before this court on May 8, 2013.  Defendant Kaiser Foundation Health Plan,

15  Inc. ("defendant") appeared through its counsel, Seth Neulight.  Plaintiff Charlene Major

16  ("plaintiff") did not file an opposition to defendant's motion, and did not appear at the

17  hearing.  Having read the papers filed in conjunction with the motion and carefully

18  considered the arguments and the relevant legal authority, and good cause appearing, the

19  court hereby GRANTS defendant's motion for the reasons stated at the hearing and as

20  follows.

21         In its motion, defendant notes that plaintiff failed to exhaust her administrative

22  remedies with respect to any allegedly adverse actions that were not mentioned in either

23  her first EEOC charge (filed in June 2010) or her second EEOC charge (filed in April 2011).

24  The court agrees, and DISMISSES plaintiffs' causes of action to the extent that they are

25  premised on any such conduct.  The court independently notes that plaintiff's first right to

26  sue letter (in response to her June 2010 charge) was mailed on November 3, 2011, but

27  plaintiff did not file suit until August 23, 2012.  Thus, because plaintiff did not file suit within

28  90 days after issuance of the right to sue letter, her claims related to any incidents

**United States District Court**
For the Northern District of California

1   mentioned in that charge appear to be time-barred.  See 42 U.S.C. 2000e-5(f)(1).  Thus,

2   the only claims that plaintiff may pursue are those based on the conduct mentioned in her

3   second EEOC charge.  However, plaintiff's second EEOC charge is limited to allegations of

4   disability-related discrimination and retaliation, and these disability-related allegations do

5   not appear in the SAC, and appear to have been dropped from the case.  As a result, the

6   court cannot determine whether amendment of the complaint would be futile.  Nor has the

7   court had the opportunity to discuss any such futility with plaintiff's counsel, given her

8   failure to appear at the hearing on defendant's motion to dismiss, along with her failure to

9   file an opposition brief and failure to appear at the case management conference held on

10  January 17, 2013.  Plaintiff's counsel's absence from these events is particularly surprising,

11  in light of her filing of the SAC on March 7, 2013, and her accompanying stipulation to an

12  extension of defendant's response date.  Thus, even though the court believes that

13  amendment may be futile, it will allow plaintiff one more opportunity to amend her

14  complaint.  No new claims or parties may be added without leave of court, and as stated

15  above, plaintiff may only assert claims related to the conduct mentioned in her April 2011

16  EEOC charge.  Plaintiff has until **June 7, 2013** to file an amended complaint in accordance

17  with this order, and defendant has until **June 28, 2013** to answer or otherwise respond to

18  the complaint.

19        **IT IS SO ORDERED.**

20  Dated:  May 10, 2013

21                                                                              _____
                                                                                PHYLLIS J. HAMILTON
22                                                                              United States District Judge

23

24

25

26

27

28

2